UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 117 CHURCH ROAD LLC, a Wisconsin limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 24 C 3226 |
| v. | ) ) | |
| | ) | Judge Sara L. Ellis |
| SHAYNA MELVANI and VINESH MELVANI, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

The Court denies without prejudice Defendants Shayna Melvani and Vinesh Melvani's motion to disqualify Attorney Martin Murphy as counsel for Plaintiff [9]. See Statement.

### STATEMENT

Plaintiff 117 Church Road LLC ("117 Church") sued Defendants Shayna Melvani and Vinesh Melvani for breach of contract of sale for the property at 117 Church Road, Winnetka, Illinois. 117 Church asserts that Defendants sought to renegotiate the price of sale after entering into the contract and subsequently terminated the contract when 117 Church rejected their proposed reduced price. 117 Church's counsel, Martin Murphy, is the sole member of 117 Church and served as the listing broker and closing counsel of the sale. Defendants move to disqualify Murphy as counsel for 117 Church, asserting that because of the roles he played during the sale of 117 Church, he is a necessary witness and so cannot also serve as 117 Church's counsel.

Disqualification of counsel is a "drastic measure" imposed only "when absolutely necessary." *Black Rush Mining, LLC v. Black Panther Mining*, 840 F. Supp. 2d 1085, 1089 (N.D. Ill. 2012) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). Because disqualification deprives a party of the representation of their choosing, disqualification motions—although sometimes legitimate and necessary—are "viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). The moving party therefore bears a heavy burden of proving the facts required for disqualification. *alfaCTP Sys., Inc. v. Nierman*, No. 15-cv-9338, 2016 WL 687281, at *4 (N.D. Ill. Feb. 19, 2016).

Here, Defendants move to disqualify Murphy as 117 Church's counsel pursuant to American Bar Association's Model Rule of Professional Conduct 3.7.[1] Rule 3.7 states that a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." A necessary witness "is one whose testimony is unobtainable elsewhere." *Walton v. Diamond*, No. 12 C 4493, 2012 WL 6587723, at *2 (N.D. Ill. Dec. 14, 2012). Rule 3.7 "serves to reduce the risk of jury confusion and to avoid the appearance of impropriety." *alfaCTP Sys., Inc.*, 2016 WL 687281, at *6. Because "[t]hese concerns do not come into play unless and until the attorney-witness is also trial counsel," courts regularly deny motions to disqualify as premature when they are filed before trial. *Id.*; *Dawaji v. Kohlhoss*, No. 13 CV 6404, 2013 WL 6197161, at *3 (N.D. Ill. Nov. 27, 2013) ("Even if [the attorney's] testimony can be deemed to be necessary at trial, ABA Model Rule 3.7 does not empower this court to disqualify him [in pre-trial proceedings]."); *Walton*, 2012 WL 6587723, at *3 (declining to disqualify attorney likely to become a necessary witness at trial where case was in early stages of litigation). As these courts recognize, even when counsel may ultimately be disqualified as a necessary witness at trial, Rule 3.7 does not prohibit counsel from participating in pre-trial proceedings. *See alfaCTP Sys*, 2016 WL 687281, at *6 (denying motion to disqualify as premature and unwarranted because Rule 3.7 "does not prohibit [counsel] from representing [the plaintiff] in pre-trial proceedings"); *Mercury Vapor Processing Techs., Inc. v. Vill. of Riverdale*, 545 F. Supp. 2d 783, 789 (N.D. Ill. 2008) (recognizing that an attorney who may become a trial witness, and thus become disqualified, "is not prohibited from conducting discovery, drafting motions, or serving in some other capacity" at an earlier stage of the litigation).

While Defendants assert that their motion is not premature because they intend to depose Murphy given his involvement in the sale of 117 Church Road, Rule 3.7 focuses the Court's inquiry on whether Murphy is a necessary trial witness. Here, "with discovery yet to be conducted, it remains to be seen whether any testimony from [Murphy] will be sought for any trial, and if so, whether the information that would be sought from [him] 'can be elicited through other means.'" *Andrade v. City of Hammond*, No. 2:19-CV-430-TLS-JPK, 2020 WL 881554, at *3 (N.D. Ind. Feb. 24, 2020). Accordingly, at this stage, the Court concludes that disqualifying Murphy would be premature. *See Walton*, 2012 WL 6587723, at *3 (recognizing that while the attorney is the only witness who can testify to his knowledge about the complained of activity, it was still premature to disqualify the attorney at the early stages of a case when it was unclear

---

[1] The Northern District of Illinois has generally adopted the American Bar Association's Model Rules of Professional Conduct ("ABA Model Rules") as its rules of professional conduct. *See* N.D. Ill. LR 83.50; *Walton v. Diamond*, No. 12 C 4493, 2012 WL 6587723, at *1 (N.D. Ill. Dec. 14, 2012) (recognizing that the Northern District has adopted the ABA Model Rules and analyzing a motion to disqualify under Rules 1.7 and 3.7).

whether the case ultimately would proceed to trial and doing so would deprive the defendants of their chosen counsel).

While the Court denies Defendants' motion to disqualify at this time, the Court advises 117 Church to prepare for the possibility of Murphy's disqualification and arrange for alternative counsel if needed. The Court will not delay proceedings to permit 117 Church to find alternative counsel if the Court determines that Murphy is a necessary witness at trial. *See Dawaji*, 2013 WL 6197161, at *4 (noting that the court will not allow argument that the plaintiff was prejudiced if her counsel was disqualified as a necessary witness at trial); *Mercury Vapor*, 545 F. Supp. 2d at 790 (requiring the defendant to hire co-counsel to prepare to replace its lead counsel if the lead counsel is disqualified at a later stage of litigation).

For the foregoing reasons, the Court denies without prejudice Defendants' motion to disqualify Martin Murphy [9].

Date: July 15, 2024                                        /s/___Sara L. Ellis_____